**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **OSIRIS E. LOPEZ,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:12-CV-0512-L-BH |
| ) | |
| **DART OFFICER, et. al,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed as frivolous.

**I. BACKGROUND**

On February 17, 2012, the plaintiff filed this *pro se* action against an unnamed DART officer under 42 U.S.C. § 1981. (*See* doc. 3.) He complained of the "denial of federally protected services" and a "violation of 18 USC 3771, Whistle Blowers Act, 666, and 1512" in an attempt "to ignore superior federal jurisdiction." *Id*.

In response to a questionnaire to obtain more information about his claims, the plaintiff clarified that he was suing two unnamed DART officers for "fraudulent application of municipal code or state statute with intention of obstructing federal justice and violating constitution's protected rights."[1] (*See* doc. 9 at 1-2). He claims that on February 9, 2012, the officers checked whether he had the fare for the DART train he was riding, asked him for identification, gave him a citation without giving him an opportunity to explain that he was with a homeless program, and failed to cite others for the same violation. (*Id.* at 2). He seeks a preliminary injunction against "further harassment under 18 U.S.C. 3771 and 18 USC 1512" by DART officers based on the failure

---

[1] Plaintiff's answers to the questions in the questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

of the state court system and the welfare system to provide proper fare and identification for homeless persons. *Id*. He also seeks to have his citation case removed from the Justice of the Peace based on alleged efforts to "obstruct federal justice under 18 USC 1512." (*Id*. at 4).[2]

## II. PRELIMINARY SCREENING

Because the plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, the plaintiff primarily invokes 42 U.S.C. § 1981, which prohibits race discrimination,

---

[2] Plaintiff has filed several other federal cases in this district. Four have been dismissed for lack of subject matter jurisdiction. *See Lopez v. Kora, et. al*, No. 3:12-cv-510-M (N.D. Tex. April 12, 2012); *Lopez v. Cunningham v. Moore*, 3:12-cv-511-B (N.D. Tex. March 27, 2012); *Lopez v. Dallas Ministry Center, et. al*, (N.D. Tex. April 24, 2012). In another case, dismissal has been recommended on grounds of frivolousness. *See Lopez v. Dart Officer*, No. 3:12-cv-509-B (N.D. Tex.).

but he does not allege that he was treated differently from anyone else on the basis of race. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994) (affirming dismissal of § 1981 claims where no allegation of race discrimination was made). Nor has he plead enough facts to state a plausible claim of racial discrimination. He also claims to sue under 18 U.S.C. § 1512 (prohibiting witness tampering) and 18 U.S.C. § 3771 (the Crime Victims Rights Act), but there is no private cause of action under either of these statutes. *See Thornton v. Merchant*, 2011 WL 14929, *13 (S.D. Tex. Jan. 18, 2011) (§ 1512); *Lopez v. Kora*, 2012 WL 1242376 N.D. March 12, 2012) (§ 3771); *Lewen v. Edinboro Univ. of Penn.*, 2011 WL 4527348 (W.D. Pa. Sept. 28, 2011) (same). Finally he has not stated any plausible violation under either the Texas Whistleblower's Act or the federal Whistleblower Protection Act, both of which prohibit retaliation by governmental entities against their employees. *See* Tex. Gov't Code § 554.001 *et. seq.*; 5 U.S.C. §2302(b).[3]

### III. RECOMMENDATION

This case should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 21st day of May, 2012.**

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

---

[3] Part of the relief that the plaintiff seeks for these alleged violations is to have his citation cases removed from the Justice of the Peace court to federal court. (*See* doc. 9 at 4.) His statement of his claim for relief does not satisfy the procedural requirements for removal in 28 U.S.C. § 1446(c), including the notice requirements, and it is therefore not liberally construed as a notice of removal. Even if so considered, summary remand would be appropriate because the plaintiff has not alleged a basis for removal of his cases under § 1443, which allows removal of criminal proceedings in order to vindicate civil rights. *See Robertson v. Louisiana*, 246 Fed. App'x 267 (5th Cir. 2007); *Homer v. Texas*, 2011 WL 721972 (N.D. Tex. Feb. 7, 2011).

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4